# THE ARMY AND NAVY CLUB
*v.*
# THE DISTRICT OF COLUMBIA.

INTOXICATING LIQUORS, SALE OF BY SOCIAL CLUBS; LIQUOR LICENSES.

A social club wherein liquors are dispensed without profit to the members and guests for cash or on credit to be consumed on the premises and the money so realized goes into a fund, with which the stock of liquors is replenished from time to time, is a barroom within the meaning of the excise law of March 3, 1893 (27. Stat. 563), and is not exempt from the payment of the license fee fixed by the act.

No. 547.  Submitted April, 16, 1896.  Decided May 19, 1896.

HEARING on an appeal by the plaintiff from a judgment on demurrer in an action to recover the amount of a liquor license fee paid under protest.  *Affirmed.*

The COURT in its opinion stated the case as follows :

This appeal involves the right of the appellant, the Army and Navy Club of Washington, to dispense liquors to its members and guests without paying a license fee, under the act of Congress approved March 3, 1893, regulating the sale of intoxicating liquors in the District of Columbia. Having paid the required fee of $400 under compulsion and

with formal protest, the club brought this action to recover the money, and appeals from a judgment sustaining a demurrer to its declaration.

The substantial facts of the declaration, admitted to be true, are these :

(1) The appellant is duly incorporated under the laws of the District of Columbia as a social club, and the purposes of its organization are the discussion of subjects relating to the military and naval services, the cultivation of social relations among members, and the maintenance of a library and reading room for the use of the members, and so forth.

(2) The membership is limited to commissioned officers, and ex-officers honorably discharged or resigned, of the Army and Navy and Marine Corps ; the members of the Society of the Cincinnati, of the Aztec Club, and companions of the Military Order of the Loyal Legion of the United States ; to graduates of the United States Military and Naval Academies who have been honorably discharged or have honorably resigned ; and, for temporary purposes only, to certain civil officers of the Government residing in Washington.

(3) The club owns and occupies a large club house at the southeast corner of Connecticut avenue and I street, N. W., which contains a valuable library, drawing and dining-rooms, sleeping rooms, and kitchen, and so forth.

(4) It kept, among other supplies for its members, " a stock of wines and liquors which were the joint property of said club and purchased out of its joint fund, and which said wines and liquors were dispensed only to members and guests of said club, said guests being persons to whom the privileges of said club were extended by members of said club, upon invitation by card, for a period of fifteen days, which said privileges were not permitted to be tendered more than once, within a period of six months, to any person ineligible for membership," and so forth.

(5) The wines and liquors "were distributed among said members and guests as follows : Each member or guest of

said club, upon being supplied with the desired portion of said wines and liquors, signed an order card, upon which was set forth, in figures, the money value of the portion so supplied, according to the tariff of rates established by authority of said club; and subsequently, either on leaving the club house, or at the end of the month, as he might prefer, said member or guest took up his order card by paying the amount set forth upon it to the treasurer of said club, who deposited said amount to the credit of the joint fund of said club, and said tariff of rates was established and said amounts paid in order to replenish the stock of supplies of said club, and to provide for the necessary expenses of said club, but no pecuniary profit was derived by said club, or any member thereof, from the payments of said amounts."

(6) The correspondence concerning the payment of license fee is set out in full. It is sufficient to say that the payment was compulsory, and made with protest and notice of intention to reclaim. With the license was combined, under another section of the act, a permit to keep the club open from 7 A. M. to 2 A. M.

*Mr. H. S. Woodward* for the appellant :

1. There is nothing in the law regulating the sale of intoxicating liquors in the District of Columbia which makes it obligatory on the appellant to have a license. The distribution by the appellant of liquors among its own members, in such manner as was set forth in the declaration is not a sale, or at all events, not such a sale as is contemplated in the prohibitory clause of the license act. *Graff* v. *Evans,* 8 Q. B. Div. 373 ; *Club* v. *Commonwealth,* 12 S. E. Rep. 963 ; *State* v. *Club,* 28 S. W. Rep. 604 ; *Seim* v. *State,* 55 Md. 571 ; *Commonwealth* v. *Smith,* 102 Mass. 144 ; *Commonwealth* v. *Pomphret,* 137 Mass. 564 ; *Commonwealth* v. *Ewig,* 145 Mass. 119 ; *Club* v. *McMaster,* 35 S. C. 1 ; *Club* v. *Dwyer,* 11 Lea, 452 (Tenn.); *Koenig* v. *State,* 26 S. W. Rep. 835 (Tex.); *Barden* v. *Club,* 25 Pac. Rep. 1042

(Mont.); Black on Intoxicating Liquors, Sec. 142; Eng. &. Am. Cyc. of Law, vol. II, pp. 670, 727, 728.

The second proviso of sec. 6 of the license act, March 3, 1893, does not expressly require incorporated clubs to have a license, nor prohibit them from selling, distributing, or otherwise disposing of intoxicating liquors without a license. The court will not enlarge the terms of a statute by implication. Am. & Eng. Enc. of Law, vol. 23, p. 296. This is particularly true in the case of a statute which imposes a penalty for the infringement of its provisions, like the one now under consideration. Potter's Dwarris on Stat., pp. 74, 245; note, 247; Black on Intoxicating Liquors, sec. 402; *Club v. McMaster*, 35 S. C. 1; Wharton's Cr. Law, vol. I, sec. 12.

2. Even if it be conceded for the sake of argument, that the appellant was obliged under the act to take out a license, it is evident that the license and permit spoken of in the sixth section is entirely distinct from the bar-room license mentioned elsewhere in the act. It is a special form of license to which no fee is annexed, and to which no other part of the act than the second proviso of the sixth section has any application, the proviso standing by itself as if it were a separate enactment.

*Mr. Sidney T. Thomas*, Attorney for the District of Columbia, and *Mr. Andrew B. Duvall*, Assistant Attorney, for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

Whether furnishing liquor to its members by a social club in the manner described constitutes a sale thereof within the meaning of that word as used generally in excise and prohibitory laws, is a question that has undergone much discussion in the courts of the country, with an irreconcilable conflict of decisions as a result. The most, if not all, of these have been brought to our attention through the industry of counsel, and it seems that the majority of them sustain the side of the negative.

These decisions, however, are not binding upon us, and their persuasive force is necessarily weakened by the fact that each of them must depend upon the construction that must be given a statute which operates only within its own jurisdiction. The words of the particular and important part of the act are sometimes omitted in the report of a case; and when not so omitted, it is apparent, from the opinion, that the construction of the part has often been influenced and controlled by a general intent found in the act as a whole, or by the construction that executive officers may have followed for a considerable period of time in the administration of the law.

It would be an idle consumption of time, therefore, to review the decisions referred to, and we shall pass to the consideration of the provisions of our own statute, in the light of some general principles of law involved in their application to the facts as contained in the declaration demurred to.

The first section of the statute provides that " no person shall sell, offer for sale, or keep for sale or traffic in, barter or exchange for goods, in the District of Columbia, any intoxicating liquors except as hereinafter provided." *27 Stat.* 563.

The only sales expressly excepted from the operation of the law are those made under requirement of law, and those by " maker, brewer, or distiller, not to be drunk on the premises." Clubs and other similar associations are not included, and their exemption must depend upon whether their mode of distributing liquors to members and guests amounts to a sale thereof within the meaning of the statute.

Being a corporation, it is conceded that it is a person within the contemplation of the act. The corporation purchases the liquors in the first instance. They become its property. It is an independent entity, separate and distinct from the natural persons who compose its members. Its property is not their property in a legal sense at all, and only in a limited and conditional sense in contemplation of

equity.   The individual members only acquire the property in that which they buy.   Only upon delivery does the title pass out of the corporation and vest in the member or the guest.   His obligation therefor to the corporation is a debt for which it may sue him if he fails to pay.   Here we have all the elements of a legal sale, and none of the features of a mere distribution of property bought by a fund contributed by individuals to be divided among them in proportion to the amounts by each contributed.   By this we are not to be understood as saying that such distribution even could be made in small quantities, to be drunk upon the premises ; that question is not before us.

That the appellant is a social and not a business association, and that its incorporation was for the purpose of convenience and without a single view to profit, does not affect the question.   Nor can it be influenced by the admitted fact that the general purposes and objects of the club are of a commendable nature ; and that the sale of liquors to *bona fide* members and guests is but a mere incident to the cultivation of social relations among members, that forms but one of those objects.

The price, on sale, is fixed so as to cover the estimated cost of purchase, handling, distribution, and so forth, and not with a view to profit ; but whatever profit there may be goes into the treasury of the club for the general benefit, and inures in many ways to the comfort and advantage of those who do not, as well as those who do, participate in the distribution of the liquors purchased by the club.

It is contended, on behalf of the appellant, that the only license issued, where liquors are sold in small quantities, is a " barroom " license and that, as the club cannot be called a " barroom," in the ordinary sense, this tends to show that it is not within the spirit of the act.

Were the word " barroom " used in that sense, there might be something in the contention ; for clearly the club cannot be said to be the proprietor of a barroom in the sense of that word as ordinarily used.   But we are saved trouble

on this point by the definition given in the following clause of section 5 : " Every place where intoxicating liquors are sold to be drunk on the premises shall, for the purposes of this act, be regarded and considered a barroom, and the possession of intoxicating liquors and the selling or disposing of the same to be drunk on the premises shall constitute and make the place a barroom."

Here, it will be noticed, the lawmakers, not content with using the word "selling," add the more comprehensive words " or disposing of" also, as if to remove all doubt in respect to their meaning.

Again, it is said in section 8 : " A barroom license shall be required for every hotel, tavern, barroom, or *other place* in which intoxicating liquors are sold by retail."   *   *   * " Every place where distilled, malt, or fermented wines, liquors, or cordials are sold in quantities as prescribed for retail dealers by section 3244 R. S., to be drunk upon the premises, shall be regarded as a barroom ; and the possession of malt, distilled, fermented, or any intoxicating liquors, with the means and appliances for carrying on the business of dispensing the same to be drunk where sold, shall be *prima facie* evidence of a barroom within the meaning of this act."

That Congress had the organized clubs in view, and did not intend to exempt them from the payment of the license tax imposed upon all places where liquors are retailed, is conclusively shown in another clause of the act, which will be quoted later.

By the first clause of section 5 all applicants far barroom licenses are required to procure the written permission of residents and real estate owners within certain distances from the place where the business is to be conducted ; and by a provision of section 6 all barrooms are required to be closed " between twelve o'clock midnight and four o'clock in the morning," on week days and all the day on Sundays.

That clubs which dispensed liquors to members were to be considered as barrooms in the statutory sense aforesaid,

and as such within the two foregoing provisions, unless specially excepted, is made plain by the following proviso attached to section 6 ; which is the same referred to above : " Provided further, that the said excise board may in its discretion issue a license to any duly incorporated club on the petition of the officers of the club, and that the said excise board may in its discretion grant a permit to such club to sell intoxicating liquors to members and guests between such hours as the board may designate in said permit."

Herein, it is to be observed also, that the act refers to the disposition of liquors by such clubs as selling the same, thus again showing that the well-known usage of such clubs in furnishing liquors to members was, in the contemplation of the framers of the law, a sale and nothing less.

If good reasons exist why *bona fide* social clubs of the character and standing of the appellant should be exempted from the payment of license taxes, because their incidental dispensation of liquors to their members is without profit and unattended by some of the evil influences of the public barroom, they are for the consideration and interposition of Congress. We must declare the law as it is written.

Finding nothing to warrant the conclusion that the appellant is not within both the letter and spirit of the act of Congress, we must affirm the judgment.

*Affirmed, with costs.*